IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DWIGHT GREGORY | : | |
|    Plaintiff | : | |
| | : | |
| v. | : | Civil Action No.: L-06-1740 |
| | : | |
| BALTIMORE COUNTY POLICE | : | |
| SGT. DAVID A JAGODZINSKI | : | |
| DETECTIVE GALE | : | |
| DETECTIVE WAYNE RITTER | : | |
|    Defendants | : | |

## **MEMORANDUM**

Dwight Gregory ("Gregory") brings this action to recover the value of personal property Defendants allegedly lost. Pending are: (i) Defendants' Motion to Dismiss, and (ii) Gregory's Motion for Summary Judgment.[1] The issues have been fully briefed and a hearing is unnecessary. See Local Rule 105.6. (D. Md. 2004). For the following reasons, the Court will, by separate Order, grant Defendants' Motion to Dismiss, deny Gregory's Motion for Summary Judgment, and direct the Clerk to close the case.

**I.    Background**

Gregory contends that, on an unspecified date prior to October 24, 1997, he was arrested by Baltimore County Police Detectives Gale and Ritter. He alleges that the detectives seized clothing, a leather backpack, a wallet, electronic equipment, and jewelry. Gregory places a value of $44,200 on these items.

---

[1] Gregory's Motion for Summary Judgment is based solely upon Defendants' failure to timely file their answer per court order. (Docket No. 11). The record shows that Defendants simultaneously filed a motion for extension of time and a motion to dismiss, acknowledging that the pleadings were filed sixteen days after the filing deadline and seeking this Court's permission to do so. (Docket Nos. 7 & 8). The Court granted the extension request. (Docket No. 10). Therefore, Gregory's Motion for Summary Judgment shall be denied.

The case against Gregory was "taken federal." On October 24, 1997, a federal grand jury indicted Gregory on various drug counts. He entered a guilty plea to one count of conspiracy to distribute cocaine. On September 16, 1998, this Court sentenced Gregory to 135 months imprisonment plus 5 years of supervised release.

Because the state charges against him were never pursued, Gregory claims that all of the items seized by the Baltimore County police should have been returned to him. He alleges, although without citing to the record, that this Court at sentencing "clearly stated that no forfeiture applied and all property 'should be returned.'" (Docket No. 1 at 3).

Gregory maintains the defendants neither returned his property nor followed the required forfeiture procedures. Accordingly, he brings this action to recover damages for the loss of his property. Broadly construed, Gregory's *pro se* Complaint seeks the following relief: (i) monetary damages for deprivation of property under color of state law in violation of 42 U.S.C. § 1983, (ii) a writ of mandamus compelling return of his property under 28 U.S.C. § 1361, and (iii) monetary damages under the Federal Tort Claims Act, 28 U.S.C. § 1346.

## II.     Defendants' Motion to Dismiss

### A.      42 U.S.C. § 1983 Claim

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Under Maryland law, the Baltimore County Police Department is not a legally cognizable entity capable of being sued. See Hines v. French, 157 Md. App. 536, 852 A.2d 1047, 1068 (Md. Ct. Spec. App. 2004). Accordingly, the

Court will grant Defendants' motion to dismiss all claims against the Baltimore County Police Department.

Gregory's § 1983 claim against Defendant officers is also subject to dismissal. Section 1983 does not include an explicit statute of limitations. In determining the timeliness of a § 1983 action, the Court must look to the most applicable state limitations provision. See Burnett v. Grattan, 468 U.S. 42, 49 (1984); Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975). In Maryland, by statute, a civil action must be brought within three years after it accrues. See Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. Id.

Here, affording Gregory the most generous of accrual times, the latest he should have known of his injuries was in 1998, when he was sentenced by this Court.[2] He filed this action on June 30, 2006. Because plaintiff failed to file the instant complaint within three years after the accrual of the incident, the statute of limitations now bars consideration of his 42 U.S.C. § 1983 claims.

### ii. 28 U.S.C. § 1361 Mandamus Claim

Gregory also seeks to compel the return of the property pursuant to this Court's mandamus jurisdiction. Under § 1361, the "district courts shall have original jurisdiction of any action in the nature

---

[2] Correspondence attached to Gregory's complaint suggests that he was aware of his injury even before he was sentenced. On July 6, 1998, Assistant United States Attorney John F. Purcell wrote Defendant Ritter at defense counsel's behest seeking the release of Gregory's property. (Docket No. 1 at Attachments). Gregory himself wrote Defendant Ritter regarding the return of his possessions in July of 2000. (Id.). Even if Gregory's action accrued at this later date, however, his claim remains time-barred.

of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This Court does not have jurisdiction, however, over a non-federal entity and its employees in an action for writ of mandamus and cannot compel the Baltimore County Police Department and its detectives to return the *res* at issue. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment, 172 F.3d 307, 312 n. 3 (4th Cir. 1999). Consequently, this claim must be dismissed.

### iii. 28 U.S.C. § 1346 Federal Tort Claim

Gregory seeks relief against Defendants under the "Tort Claims Act." To the extent that this claim is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), the claim shall be dismissed. The FTCA provides that the district courts shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the federal government while acting within the scope of his office or employment. Defendants are not federal employees for purposes of the FTCA. Thus, any claim that they engaged in tortious conduct is not actionable under this statute. See FDIC v. Meyer, 510 U.S. 471, 477 (1994); Ferguson v. New York City Transit Authority, 206 F.Supp.2d 374, 376 (E.D.N.Y. 2002) (an actionable FTCA claim must be for injury caused by the negligent or wrongful conduct of a federal employee). This count is subject to dismissal.

## III. Conclusion

For the foregoing reasons, the Court will, by separate Order:

(i)  GRANT Defendants' Motion to Dismiss;

  (ii)  DENY Gregory's Motion for Summary Judgment;

  (iii)  ENTER judgment in favor of Defendants and against Gregory; and

  (iv)  DIRECT the Clerk to CLOSE the case.

Dated this 17th day of July, 2007.

                _____/s/_____
                Benson Everett Legg
                Chief Judge